**E-FILED**
Friday, 10 May, 2013  01:59:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD MICHAEL SMEGO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3068 |
| | ) | |
| KIMBERLY WEITL, PsyD., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville

Treatment and Detention Center, seeks leave to proceed in forma

pauperis.

The "privilege to proceed without posting security for costs and

fees is reserved to the many truly impoverished litigants who,

within the District Court's sound discretion, would remain without

legal remedy if such privilege were not afforded to them."  Brewster

v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972).

Additionally, a court must dismiss cases proceeding in forma

pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.  A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are liberally construed when applying this standard.  Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff's allegations are taken from his Amended Complaint, which is being filed contemporaneously with this order.

Plaintiff is detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act.  The Act mandates a reexamination every 12 months of whether the detainee "has made sufficient progress to be conditionally released or discharged."  725 ILCS 207/55(a).  Pursuant to this statute, the Department of Human Services is required to submit a written report to the state court regarding the detainee's mental condition.

Defendant Kimberly Weitl, a licensed clinical psychologist, conducted a reexamination of Plaintiff in December 2012.  Her report is attached to Plaintiff's Amended Complaint.  Dr. Weitl recommended in her report that Plaintiff should remain detained in the Rushville Treatment and Detention Facility.

Plaintiff alleges that "Dr. Weitl made numerous false allegation[s] and statements, twisted facts to the point of unrecognizability, and omitted so many essential facts including exculpatory evidence as to render her report an outright lie." (Plf.'s Amended Complaint, p. 3, para. 4.)  Plaintiff alleges that Dr. Weitl failed to conduct any independent testing or investigation and spoke to Plaintiff for only five minutes.

Plaintiff maintains that Dr. Weitl's purportedly false report denies Plaintiff a fair hearing in his state court detention proceedings.  Further, Plaintiff alleges that Dr. Weitl's false report is used by the Department of Human Services to treat Plaintiff "for illness and mental health issues I do not suffer from forcing me to endure medical treatments that are unfounded." Id. at para. 8. Plaintiff seeks compensatory and punitive damages.

ANALYSIS

If Dr. Weitl's report and conclusions are deliberately false, then the validity of Plaintiff's detention is called into question. Therefore, Plaintiff's challenge to Dr. Weitl's report is effectively a challenge to his detention, even though Plaintiff does not seek release.    A challenge to the validity of the fact of detention cannot

proceed as a civil rights action under 42 U.S.C. Section 1983.  In

federal court, Plaintiff may only challenge state detention as a

habeas corpus action, after exhausting state court remedies.  Heck

v. Humphrey, 512 U.S. 477, 586-87 (1994)(damages not recoverable

under 42 U.S.C. Section 1983 for unconstitutional imprisonment

unless sentence has been otherwise invalidated); DeWalt v. Carter,

224 F.3d 607, 614 (7th Cir. 2000)(challenges to fact or duration of

confinement must be pursued in habeas action, not in an action

under 42 U.S.C. § 1983).  Plaintiff's current legal remedy is to

challenge Dr. Weitl's report in Plaintiff's state circuit court

proceedings and then to pursue all available appeals.  *See, e.g.,* In

re Detention of Stanbridge, 980 N.E.2d 598 (S.Ct. Ill. 2012)(example

of appeal of state circuit court's finding that no probable cause

existed to conclude that the plaintiff was no longer sexually violent).

 Even if the validity of Plaintiff's detention is not implicated by

Plaintiff's claims, Dr. Weitl is entitled to witness immunity from

Plaintiff's claims arising from Dr. Weitl's report submitted to the

state court.  House v. Belford, 956 F.2d 711, 720 (7th Cir.

1992)(absolute witness immunity extends to private and

governmental witnesses); Brown v. Bowman, 668 F.3d 437, 445 (7th

Cir. 2012)(court-appointed experts entitled to absolute immunity for their psychiatric reports submitted to court regarding the plaintiff's fitness to practice law).  "[W]itness immunity is not limited to in-court testimony."  Brown, 668 F.3d at 445.

Lastly, Plaintiff's vague claims about the inappropriateness of his current treatment can proceed only against the individuals treating him.  Dr. Weitl is not treating Plaintiff.  To state a constitutional claim against the individuals treating him, Plaintiff must allege facts that plausibly suggest that the treatment decisions are a "'substantial departure from accepted professional judgment.'"  Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)(*quoting* Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2009).  Even if the proper Defendants were named on this claim, no plausible claim is stated because Plaintiff does not specify the treatment he challenges or explain why that specific treatment is outside the range of professional judgment.  However, Plaintiff will be given an opportunity to file an amended complaint regarding this claim, naming the proper defendants and providing sufficient factual detail for the Court to determine whether a plausible claim is stated.

IT IS THEREFORE ORDERED:

1.      Plaintiff's motion to file an amended complaint is granted (d/e 5).  The clerk is directed to docket the Amended Complaint before docketing this order.

2.      Plaintiff's Amended Complaint is dismissed for failure to state a claim, without prejudice to filing another Amended Complaint regarding Plaintiff's claim of inappropriate treatment at Rushville.  Plaintiff's Amended Complaint is due May 31, 2013.

3)      The hearing scheduled for May 20, 2013, is cancelled as unnecessary.  The clerk is directed to notify Plaintiff's detention facility of the cancellation.

ENTERED:  May 10, 2013

FOR THE COURT:

**s/Sue E. Myerscough**

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE