UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RICHARD M. SMEGO, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3068 |
| ERIC KUNKEL, et al., | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff proceeds pro se from his detention in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act. He seeks leave to proceed in forma pauperis.

Plaintiff's original complaint, naming only Kimberly Weitl as a Defendant, was dismissed with leave to replead. In short, the Court concluded that Plaintiff's challenges to Weitl's evaluation of Plaintiff in relation to Plaintiff's sexually violent proceedings in state court were effectively challenges to the fact of Plaintiff's detention. However, Plaintiff was given leave to file an amended complaint with regard to his allegations that the treatment he has been receiving

for his mental disorder is outside the range of accepted professional judgment.

Before the Court is Plaintiff's second amended complaint. Plaintiff again names Kimberly Weitl as a Defendant. Again the Court concludes that Plaintiff has no viable claim against Weitl, for the reasons already stated in the Court's Order of May 10, 2013. Challenges to Weitl's evaluation belong in the state court proceedings for which that evaluation was prepared.

Plaintiff does state an arguable constitutional claim that the diagnosis and treatment decisions by his clinical treatment team at Rushville are outside the range of professional judgment. Plaintiff is constitutionally entitled to treatment for the mental disorder which has resulted in his indefinite detention. That treatment must be within the bounds of accepted professional judgment. A substantial departure from accepted professional judgment amounts to deliberate indifference to Plaintiff's serious mental health needs. Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)(*quoting* Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2009).

Plaintiff alleges that his diagnosis of paraphilia, not otherwise specified, is not a diagnosis recognized by the Diagnosis and

Statistical Manual of Mental Disorders, Fifth Edition.  He further alleges that Defendants cannot possibly be basing their treatment decisions on Plaintiff's current condition because Plaintiff has received no testing since 2009.  According to Plaintiff, the professional community agrees that there is no known treatment for paraphilia.  Plaintiff contends that paraphilia is considered to be in remission if a patient has not acted upon deviant sexual urges for five years.

These allegations are sufficient to state a claim, but this claim will proceed only against Plaintiff's clinical treatment team: Defendants Jumper, Groot, Wilczynski, Bond, Ganz, Guss, Hankerson, Hansen, Matusen, Sandford, Steffen, and Caraway.  Whether all these Defendants were or are personally responsible for Plaintiff's treatment cannot be determined without a more developed record.  Plaintiff alleges that the other Defendants were involved too, but the present allegations are too conclusory for the Court to understand how these Defendants are or were actually involved in Plaintiff's treatment at the Rushville Treatment and Detention Center.

Also, Plaintiff alleges that he has repeatedly been placed with dangerous roommates who threaten Plaintiff's physical safety and are contraindicated in light of Plaintiff's alleged post-traumatic stress disorder. Plaintiff asserts that his psychological condition requires him to be in a room by himself.

Requiring Plaintiff to live with a roommate is not unconstitutional from a conditions-of-confinement perspective. *See* Bell v. Wolfish, 441 U.S. 520, 540, 542 (1979)(double-celling pretrial detainees in one-man cell did not violate due process). However, Plaintiff's allegations allow a plausible inference that the persons with whom he has been roomed are harmful to Plaintiff's serious mental condition. This claim will also proceed against Plaintiff's clinical treatment team.

**IT IS ORDERED:**

1. Pursuant to a review of the Complaint, the Court finds that Plaintiff states federal constitutional claims arising from: 1) the alleged lack of diagnosis and treatment for his mental disorder; and 2) placement with roommates who are harmful for Plaintiff's serious mental condition. These claims proceed against Defendants Jumper, Groot, Wilczynski, Bond, Ganz, Guss, Hankerson, Hansen,

Matusen, Sandford, Steffen, and Caraway.  All other Defendants are dismissed without prejudice.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service.  Defendants have 60 days from the date the waiver of service is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on

Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. **If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

**IT IS FURTHER ORDERED:**

**1) Plaintiff's petition to proceed in forma pauperis is granted (d/e 2);**

**2) Plaintiff's motion to supplement is granted (d/e 10) to the extent that Plaintiff was requesting the Court to consider the additional information;**

**3) the Clerk is directed to attempt service on Defendants pursuant to the standard procedures; and,**

**4) Defendants Weitl, Queen, Prezell, and Goorley are terminated.**

ENTERED: November 25, 2013

FOR THE COURT:

                                              <u>s/Sue E. Myerscough</u>
                                                SUE E. MYERSCOUGH
                                      UNITED STATES DISTRICT JUDGE